**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| REGINA MYERS,<br><br>Plaintiff,<br>v.<br><br>LAND N' SEA DISTRIBUTING, INC.<br>d/b/a Kellogg Marine Supply,<br><br>Defendant. | Civil Action No.: 3:24-cv-01414 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Land N' Sea Distributing, Inc. ("Defendant") removes this Action from the Connecticut Superior Court, Judicial District of New London to this Court. In support thereof, Defendant states:

**Background**

1. On or about July 31, 2024, Plaintiff Regina Myers ("Plaintiff") filed a Complaint against Defendant in the Connecticut Superior Court, Judicial District of New London, No. KNL-CV24-6069396-S (the "State Court Action"). See Exhibit A, Complaint.

2. In her Complaint in the State Court Action, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(b)(1) ("CFEPA").

3. Defendant was served with the Complaint and Summons on August 5, 2024. See Exhibit B, Return of Service.

4. Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of all process, pleadings, and orders served upon Defendant and filed in the State Court Action are attached as Exhibit C.

**Venue**

5. The United States District Court for the District of Connecticut is the federal judicial district embracing the Judicial District of New London, where this action was originally filed. Therefore, pursuant to 28 U.S.C. §§ 101, 1441(a), assignment to the United States District Court for the District of Connecticut is proper.

**Grounds for Jurisdiction**

6. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's Title VII claims, which arise under the laws of the United States.

7. Pursuant to 28 U.S.C. § 1337(a), this Court has supplemental jurisdiction over Plaintiff's state law claims, as they are related to claims over which this Court has original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

**Notice of Removal is Timely**

8. Defendant was served with the Complaint on August 5, 2024. Defendant has filed this Notice of Removal within thirty (30) days of service of the Complaint and, therefore, it is timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (period for removal under 28 U.S.C. § 1446(b) begins to run only after a defendant is brought under the court's authority by service of process).

**Notice to State Court**

9. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel has filed written notice of removal with the Clerk of the Connecticut Superior Court, Judicial District of New London, and served the same on counsel for Plaintiff.

WHEREFORE, Defendant hereby removes the State Court Action to this Court's jurisdiction.

Dated: September 4, 2024

Respectfully submitted,

LAND N' SEA DISTRIBUTING, INC.

By its counsel,

*/s/ Jonathan D. Persky*
Jonathan D. Persky (ct30739)
*jpersky@constangy.com*
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
535 Boylston Street, Suite 902
Boston, MA 02116
Telephone: 617.849.7880
Facsimile: 617.849.7870

**CERTIFICATE OF SERVICE**

I, Jonathan D. Persky, hereby certify that, on September 4, 2024, a true and correct copy of the foregoing document was electronically filed through the Court's CM/ECF system and was served upon counsel of record for the Plaintiff via electronic mail.

*/s/ Jonathan D. Persky*