# EXHIBIT C

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.*

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 70 Huntington Street, New London, CT 06320 | (860 ) 443 – 5363 | 09/24/2024 |

| | At *(City/Town)* | Case type code *(See list on page 2)* |
|---|---|---|
| [x] Judicial District G.A. [ ] Housing Session [ ] Number: ___ | New London | Major: T Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Law Offices of Cicchiello & Cicchiello, LLC, 582 West Main Street, Norwich, CT 06360 | 419515 |

| Telephone number | Signature of plaintiff *(If self-represented)* |
|---|---|
| (860 ) 886 – 9300 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [ ] Yes [x] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*:

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: Myers, Regina<br>Address: 29 Pleasant Street, Norwich, CT 06360 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Land N' Sea Distributing, Inc, d/b/a Kellogg Marine Supply c/o AFS United Agent Group, Inc.<br>Address: 3131 N. Andrews Ave. Ext., Pompano Beach, FL 33064 6 Landmark Sq., 4th Fl, Stamford, CT 06901 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

**Total number of plaintiffs: 1** | **Total number of defendants: 1** | [ ] Form JD-CV-2 attached for additional parties

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.

**The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | | Name of person signing |
|---|---|---|---|
| 7-31-24 | [signature] | [x] Commissioner of Superior Court [ ] Clerk | Lorenzo J. Cicchiello, Esq. |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date
ATTEST A TRUE COPY
ROBERT M. WOLFE
STATE MARSHAL
FAIRFIELD COUNTY

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

Print Form | Reset Form

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

   *Do not use this summons for the following actions:*
   - *(a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)*
   - *(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   - *(c) Applications for change of name*
   - *(d) Probate appeals*
   - *(e) Administrative appeals*
   - *(f) Proceedings pertaining to arbitration*
   - *(g) Summary Process (Eviction) actions*
   - *(h) Entry and Detainer proceedings*
   - *(i) Housing Code Enforcement actions*

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other<br>*Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

Print Form



Reset Form

RETURN DATE: SEPTEMBER 24, 2024 : SUPERIOR COURT

REGINA MYERS : J. D. OF NEW LONDON

Plaintiff, : AT NEW LONDON

VS. :

LAND N' SEA DISTRIBUTING, INC.
D/B/A KELLOGG MARINE SUPPLY : JULY 31, 2024

Defendant. :

**COMPLAINT**

**COUNT ONE: Sex Discrimination – State Law Claims**

1. At all times mentioned herein, Plaintiff, **Regina Myers**, was and is a resident of the town of Norwich, county of New London, and state of Connecticut.
2. At all times mentioned herein, Defendant, **Land 'n Sea Distributing, Inc. D/B/A Kellogg Marine Supply**, was and is a corporation authorized to conduct business in the state of Connecticut. Defendant maintains business offices located at 5 Enterprise Dr., Old Lyme Connecticut. At all times mentioned herein, Defendant employed at least 20 employees.
3. In March 2022, Plaintiff was assigned to work for respondent though a temporary work agency as an order picker. Plaintiff was the only black female working for respondent in the Old Lyme, CT facility.
4. Defendant had other workers assigned through the same temporary agency that placed

Plaintiff, but Plaintiff was passed over for permanent hiring while males and/or Caucasians were hired to permanent positions by Defendant. When Plaintiff asked Defendant's representatives why she was not being hired permanently, she was given excuses and lip-service.

5. Other male and Caucasian employees received raises, but Plaintiff did not. Also, other temp workers were trained by Plaintiff's white, female supervisor ("Supervisor") but she instructed other employees not to train her.
6. In February 2023, Defendant finally hired Plaintiff as a permanent employee following her repeated inquires.
7. Other male and/or Caucasian employees made errors and work mistakes, but they were not warned. Plaintiff was accused of making mistakes and received a verbal /written warning, and her white, male and a trainer said she would never be made a permanent employee.
8. During an office meeting of 05/11/2023, Defendant's representative said that 80 errors were committed on the floor, but nobody save Plaintiff received a warning or discipline.
9. Supervisor would make inappropriate comments on Plaintiff's bathroom use, but never commented on other employee bathroom use. Plaintiff explained to her supervisor that she had a medical condition, which required her use the bathroom in a particular manner and that she had to wear special clothing,
10. Supervisor once got dirt on her arm and said "I am turning into Aaron" who was a black male, who worked in the office

11. Management would also refer to Plaintiff as a "distraction" whenever she spoke to employees, but no such remarks would be made when other employees spoke to each other. Additionally, other employees often spoke to Plaintiff but were not called a distraction.
12. Supervisor made inappropriate comments about Plaintiff's eyelashes that had nothing to do with work. She would also look through Plaintiff's desk.
13. Plaintiff reported to Defendant that she was being treated differently and targeted because she was a black female.
14. In one instance, Supervisor made a remark to Plaintiff, laughed and then said, "let me stop before you call HR on me again."
15. On or about May 22, 2023, Plaintiff was moved to a different shift with a new white, female supervisor. However, the discrimination continued as this supervisor told coworkers that she did not like Plaintiff, and that her work was not satisfactory.
16. Plaintiff asked her new supervisor if she could move around the work floor and do more varied work, but she was told "no" while other male and/or Caucasian employees were permitted to do so.
17. On or about June 19, 2023, Plaintiff was terminated.
18. Defendant discriminated against Plaintiff and terminated Plaintiff's employment because of her sex in violation of the Connecticut General Statutes § 46a-60 (b)(1).
19. Plaintiff filed a timely a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment

Opportunity Commission (EEOC), for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about June 28, 2024.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

22. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**<u>COUNT TWO</u>: <u>Sex Discrimination – Federal Law Claims</u>**

1-17. Paragraphs 1-17 of Count One are incorporated by reference as is fully restated herein.

18. Defendant retaliated and discriminated against Plaintiff and terminated Plaintiff's employment because of her sex in violation of Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42 U.S.C. § 2000e and the Civil Rights Act of 1991.

19. Plaintiff filed a timely a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for her state and federal complaints and has

exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about June 28, 2024.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

22. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT THREE:** **Race/Color Discrimination – State Law Claims**

1-17. Paragraphs 1-17 of Count One are incorporated by reference as is fully restated herein.

18. Defendant discriminated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's race and color in violation of Connecticut General Statutes § 46a-60(b)(1).

19. Plaintiff filed a timely a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about June 28, 2024.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

22. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT FOUR: Race/Color Discrimination – Federal Law Claims**

1-17. Paragraphs 1-17 of Count One are incorporated by reference as is fully restated herein.

18. Defendant retaliated and discriminated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's race and color in violation of Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42 U.S.C. § 2000e and the Civil Rights Act of 1991.

19. Plaintiff filed a timely a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about June 28, 2024.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

22. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**COUNT FIVE** **Retaliation – State Law Claims**

1-17. Paragraphs 1-17 of Count One are incorporated by reference as is fully restated herein.

18. Defendant retaliated against Plaintiff and terminated Plaintiff's employment because of Plaintiff's sex, race, and color in violation of Connecticut General Statutes § 46a-60(b)(4).

19. Plaintiff filed a timely a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC), for her state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on or about June 28, 2024.

20. As a proximate result of Defendant's unlawful discrimination, Plaintiff has been and will

be deprived in the future of substantial employment wages and earnings.

21. As a further result of Defendant's unlawful discrimination, Plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through her employment.

22. As a further result of Defendant's unlawful discrimination, Plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment, and low self-esteem.

**WHEREFORE**, Plaintiff claims:

1. Money damages;
2. Attorney's fees and costs;
3. Such other remedies as available under law and/or equity and as the Court deems appropriate;
4. A trial by jury.

PLAINTIFF, REGINA MYERS

BY *_/s/ John C. Gerboth_*

John C. Gerboth, Esq.
Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300
Firm Juris # 419515

RETURN DATE: SEPTEMBER 24, 2024 : SUPERIOR COURT

REGINA MYERS : J. D. OF NEW LONDON

Plaintiff, : AT NEW LONDON

VS. :

LAND N' SEA DISTRIBUTING, INC. : JULY 31, 2024
D/B/A KELLOGG MARINE SUPPLY :

Defendant.

**STATEMENT OF AMOUNT OF DEMAND**

The amount of demand for the above matter is greater than FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of costs and interest.

PLAINTIFF, REGINA MYERS

BY *_/s/ John C. Gerboth_*

John C. Gerboth, Esq.
Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300
Firm Juris # 419515

AUG 05 2024

State of Connecticut
SS: Stamford August 5, 2024
County of Fairfield

Then and there, by virtue hereof, the Original, Summons - Civil, Complaint, Statement of Amount of Demand, I made service on
**Land N' Sea Distributing, Inc. d/b/a Kellogg Marine Supply**

On August 5, 2024, I made service on **Land N' Sea Distributing, Inc. d/b/a Kellogg Marine Supply** by leaving a true and attested copy of the Original Summons - Civil, Complaint, Statement of Amount of Demand, with my doings thereon endorsed,

In the hands of,
**Louise Colucci, United Agent Group, Inc. agent for service, Land N' Sea Distributing, Inc. d/b/a Kellogg Marine Supply, 6 Landmark Square, 4th Floor, Stamford, CT**

The within and foregoing is the Original Summons - Civil, Complaint, Statement of Amount of Demand, with my doings thereon endorsed.

| | |
|---|---|
| Process | 50.00 |
| Travel | 8.00 |
| Pages | 12.00 |
| Endors. | 1.00 |
| Postage | 0.00 |
| Total | 71.00 |

Attest,

Robert M. Wolfe
State Marshal
Fairfield County